Weidner v. Thompson et al.

<hr>

WEIDNER v. THOMPSON ET AL.

1. **Mortgage**: DISCHARGE OF RECORD: INTERVENING JUDGMENT LIEN: REVIVAL OF MORTGAGE TO DEFEAT JUDGMENT. Plaintiff's son executed a note and mortgage, and afterwards conveyed the premises to the mortgagee, who conveyed them to the plaintiff, and the plaintiff gave his note, with security, for the debt evidenced by his son's note, and the holder of the original note gave it to the plaintiff, marked "paid," and canceled the mortgage of record. But before the son had conveyed the land defendants procured a judgment against him, which was a lien on the land next to the mortgage, and they were about to sell the land on

an execution issued upon their judgment. Plaintiff then brought this action to have the mortgage reinstated as a first lien on the land, and to foreclose the same. *Held* that, as there was no intention on the part of of the mortgagor, the mortgagee and plaintiff that the mortgage should be kept alive, the cancellation could not be set aside, but that plaintiff was entitled to clear his title of the lien of the judgment by paying it.

*Appeal from Page District Court.*

THURSDAY, JUNE 10.

ACTION in chancery to set aside the cancellation of a mortgage, and to foreclose the same. A decree was entered declaring that the land mortgaged is not subject to defendant's judgment, which differs from the relief prayed for in the petition. Defendants appeal.

*S. C. McPherrin*, for appellants.

*Clark & Parslow* and *W. W. Morsman*, for appellee.

BECK, J.—I. The undisputed facts of this case are as follows: A son of plaintiff executed a mortgage upon certain real estate to one Foley to secure an indebtedness of $2,000. The mortgagor conveyed the real estate to Foley, who afterwards conveyed it to plaintiff. The note secured by the mortgage was marked "paid" by the holder, and given to plaintiff, and the mortgage, after plaintiff had given his own note, with security, for the amount of the son's debt, was canceled of record. The transactions were had, on the part of plaintiff, for the purpose of preventing the arrest of his son, or he was induced to assume the debt by fear that his son would be arrested on account of transactions had with Foley, or with a bank of which he was cashier. After the execution of the mortgage, and before the conveyance of the real estate to Foley, one of the defendants recovered a judgment against the mortgagor. The other defendant is the attorney recovering the judgment, who claims a lien thereon for his fees. An execution having been issued upon the judg-

ment, defendants seek to enforce it against the real estate covered by the mortgage.  Plaintiff in this action asks that the cancellation of the mortgage be set aside on the ground that it was not the purpose of the parties to cancel it, and it was against plaintiff's interest to do so.  He also prays that the mortgage be foreclosed, and offers in his petition, if he be required to do so, to pay the sum due upon the judgment.

II.    The controlling point in the case involves the consideration of the question whether the mortgage was paid, and was intended to be canceled, and was not intended to subsist as a lien for the benefit of plaintiff.    It cannot be doubted that the law will look to the intention of the parties, and the interest of the plaintiff, in order to determine whether the mortgage is to be regarded as paid and canceled.    The fact that it was canceled of record will not avail to discharge the mortgage, if the parties intended that the lien should continue, and plaintiff's interests demanded it.    But if the parties intended to discharge the mortgage, and the debt was in fact paid, and not transferred to plaintiff, the cancellation must stand, and the lien be regarded as discharged.    The mere fact that plaintiff's interest would have been better protected by permitting the lien to stand will not control against the intention, clearly established.    The law will permit a party in such a case, as in others, to act and contract in a manner which would not result to his interest.    There is no conflict of decisions upon these principles, and we think there is no dispute between counsel in relation thereto.

III.    In our opinion, the evidence clearly shows that the parties intended to cancel the mortgage and discharge the lien, and there was no thought or wish on the part of the plaintiff to preserve it.    Plaintiff does not stand in the position of a mortgagee acquiring the mortgaged land.    He did not purchase the mortgage debt; the mortgage and note secured by it were not transferred to him, but were canceled. He paid the debt, and for his advance received the conveyance of the real estate.    Either as a volunteer, or, it may be,

upon the request of the mortgagor, the payment was made. The case is different from that of a mortgagee taking a conveyance of the mortgaged land from the mortgagor, wherein it is held that the mortgage will not merge in the acquired title. The cases cited by plaintiff's counsel are of this character. We conclude that, the mortgage debt having been paid, the plaintiff cannot set up the canceled mortgage to defeat defendant's judgment.

The plaintiff offers in his petition, if the court so requires, to pay the judgment. He ought to be permitted to do so. The decree dismissing plaintiff's petition will so provide. Such a decree may, at plaintiff's option, be entered in this court.

REVERSED.