Mather v. Jenswold.

---

## MATHER v. JENSWOLD.

1. **Mortgage:** FOR MONEY TO PAY FIRST LIEN: PRIOR SALE ON SECOND LIEN: RECORD NOTICE: SUBROGATION. L. was owner of the land in question, subject to a first mortgage to S., and a subsequent judgment against himself. Under the subsequent judgment the land was sold, and the title under the sheriff's deed passed to defendant. After the sheriff's sale L. obtained from plaintiff a loan to pay off the mortgage to S., and made to plaintiff a new mortgage on the same land, and the mortgage to S. was canceled. Plaintiff had not at the time any actual knowledge of the judgment, but it was of record, and, though the lien index showed that it was satisfied, without stating how, the judgment docket showed that it was satisfied by the sale of the land. *Held*—

  (1) That plaintiff was bound to take notice of these facts, and that his negligence in failing to do so did not entitle him to have the cancellation of the mortgage to S. set aside, and to be subrogated to the rights of S. under said mortgage as a first lien on the land.

  (2) That in such proceeding it was immaterial whether or not defendant had knowledge of plaintiff's subsequent mortgage.

*Appeal from Palo Alto District Court.*

MONDAY, MARCH 21, 1887.

ACTION IN EQUITY. Judgment for the defendant, and the plaintiff appeals.

*Soper, Crawford & Carr,* for appellant.

*Harrison & Jenswold,* for appellee.

SEEVERS, J.— In 1878 one Post executed a mortgage on real estate to Ormsby, trustee for one Simmons. Post conveyed the real estate to Vance subject to the mortgage, and the latter conveyed to Lord subject to the mortgage. In May, 1883, Taylor & Bros. recovered a judgment against Lord, and caused an execution thereon to issue, and the land was sold and purchased by Taylor Bros., in July, 1883. In October, 1883, Lord applied to the plaintiff for a loan of money for the purpose of paying the Simmons mortgage, and the plaintiff made him a loan for that purpose, and Lord executed to him a mortgage on the same real estate on which the Simmons mortgage was a lien. Afterwards the sheriff conveyed the real estate to Taylor, the purchaser of the land at the execution sale, and Taylor, for a valuable consideration, conveyed it to the appellee. When the plaintiff took his mortgage, and the Simmons mortgage was satisfied, he had no knowledge of the Taylor judgment or sale thereunder. Such judgment, however, was of record and duly indexed. The facts above stated are not controverted, as we understand the record. The plaintiff asks that the cancellation and satisfaction of the Simmons mortgage be set aside, and that he be subrogated to the rights of Simmons, and the mortgage foreclosed, upon the ground that the defendant had knowledge of the plaintiff's subsequent mortgage, and that, as the payment was made with money he loaned Lord without knowledge of the judgment, therefore the Simmons mortgage should be held to inure to his benefit.

I.   It seems to us to be immaterial whether the defendant had knowledge of the plaintiff's mortgage or not.   Conceding that he had, he may be a bad-faith purchaser, and therefore the plaintiff's mortgage, although subsequent in point of time to the judgment, should be held to be superior to the lien of the judgment.   But, as the plaintiff does not ask a foreclosure of his mortgage, we are unable to see how the fact, conceding it to be such, that defendant, and also Taylor, when they purchased the real estate, had knowledge of the plaintiff's mortgage, is material in this action.   We therefore decline to consider the evidence bearing on this question.   It is proper, however, to say that the defendant denies that he had such knowledge.

II.   The only question in the case is whether the plaintiff is entitled to have the satisfaction of the Simmons mortgage set aside, and that he be subrogated to all the rights of Simmons.   It seems to us that he is not entitled to such relief. The plaintiff made the loan to Lord for the express purpose of paying the Simmons mortgage, and it was well understood that the plaintiff was to accept a new mortgage.   The plaintiff got all he bargained for.   There was no mistake, except that the plaintiff failed to exercise the diligence required in the examination of the records, and therefore failed to discover the existence of the judgment and sale thereunder. No one can be blamed, but he must suffer loss simply because he was negligent.   There is no principle which will allow him to take advantage of that, to the injury of the diligent. *Wormer v. Waterloo Agricultural Works,* 62 Iowa, 699, and authorities cited; *Weidner v. Thompson,* 69 Id., 36.

AFFIRMED.

ON REHEARING.

WEDNESDAY, OCTOBER 12, 1887.

SEEVERS, J.— In response to a petition for a rehearing, we think it best to set out more fully the facts upon which the

second paragraph of the foregoing opinion is grounded. A literal copy of the lien index is as follows:

It may be conceded that this shows that the judgment was satisfied; but how, is the material question. It would have occurred, we think, to any ordinarily careful abstracter, that, as the manner of satisfaction was not stated, it might have been done by a sale of real estate; and, if the judgment docket had been examined, it would have shown that such was the fact. The lien index truthfully shows that the lien on real estate no longer exists; and this, we think, should have put any person on inquiry as to the manner in which it had been satisfied.

Petition for rehearing is                        OVERRULED.