YOUNG v. SHANER ET AL.

1. **Mortgage:** CANCELLATION BY MISTAKE: REVIVAL: INTERVENING JUDGMENT. J. and S. owned land in common, and they mortgaged it to plaintiff to secure a loan of $400. Afterwards W. obtained a judgment against J., which was a lien on his interest in the land. After this J. conveyed his interest to S., who applied to plaintiff for a loan of $200 more. The loan was granted, and the first mortgage was cancelled, and a new note and mortgage were made for $600. Both parties to this transaction were ignorant of the judgment against J., and both believed that the $600 mortgage was a first lien on the land; and plaintiff would not have cancelled the first mortgage had he known of the judgment. *Held* that the new mortgage, to the extent of the old one, was properly regarded by the trial court as being but a renewal of the old, and that a decree reviving the lien of the old mortgage, and declaring it superior to the lien of the judgment, was properly entered. (*Bruse v. Nelson*, 35 Iowa, 157, followed, and other cited cases distinguished.)

*Appeal from Wright District Court.*

MONDAY, DECEMBER 19.

THIS is an action in equity, and the question involved is whether a certain real estate mortgage held by the plaintiff is a superior lien to a judgment lien held by Witwer Bros., defendants. There was a demurrer to the petition, which was sustained, and defendants, Witwer Bros., appeal.

*Weber & Whipple*, for appellants.

*Nagle & Birdsall*, for appellee.

ROTHROCK, J.—The facts of the case as shown by the averments of the petition are as follows: On the 22d day of January, 1884, John H. Shaner and Sarah B. Shaner were the owners in common of 160 acres of land. On that day they borrowed $400 of the plaintiff, for which they executed to him their promissory note, and a mortgage upon said land to secure the payment of the loan. On the 29th day of September, 1886, Witwer Bros. recovered a judgment against John H. Shaner in the district court of Wright county. The land

being situated in that county, said judgment became a lien on the interest of John H. Shaner therein, but inferior to the lien of plaintiff's mortgage. In February, 1887, John H. Shaner conveyed his interest in the land to Sarah B. Shaner. Afterwards Sarah B. Shaner applied to the plaintiff for a further loan. She stated to the plaintiff that John H. Shaner had conveyed his interests in the land to her, and she proposed to take up the note for $400, and give a new note for the amount thereof, and to borrow enough in addition to make the new note $600, to extend the time of payment, and secure the new note by a mortgage on the land, which should be a first lien thereon. The plaintiff acceded to the proposition. A new note for $600 was made, and a new mortgage was made to secure the same and placed on record, and the old mortgage was canceled. Both of the parties to the mortgage believed at the time it was made that there was no other lien on the land; neither had any knowledge of the existence of the judgment against John H. Shaner. It is averred that, if plaintiff had known of the judgment against John H. Shaner, he would not have canceled the old mortgage, and that both of said parties were mistaken as to the facts. The prayer of the petition is that the first mortgage be reinstated, and the amount thereof be deemed to be a lien prior and superior to said judgment. The demurrer was upon the ground that the facts stated in the petition do not entitle the plaintiff to the relief demanded.

It appears to us that *Bruse v. Nelson*, 35 Iowa, 157, is decisive of the case. The facts are so nearly alike that the same rule must be applied to one case as the other. Indeed, the case at bar is stronger in favor of the plaintiff than the cited case. It appears affirmatively that the plaintiff would not have surrendered the old mortgage and taken a new one if he had known there was a judgment lien on the land. The cases of *Mather v. Jenswold*, 72 Iowa, 550; *Wormer v. Waterloo Agricultural Works*, 62 Id., 699; *Weidner v. Thompson*, 69 Id., 36, and *Goodyear v. Goodyear*, 72

I d., 329, are unlike the case at bar.   In all those cases, the parties seeking to revive satisfied mortgages were neither the mortgagees nor their assignees.   They were either purchasers of the mortgaged property, or persons who sought to be subrogated to the rights of the mortgagees by reason of having paid the mortgage.   In the case at bar, the new mortgage to the amount of the old may be regarded as a mere renewal, and the amount thereof a superior lien to the lien of the judgment.   If the old mortgage had been paid off with money furnished by a stranger to it, as in *Mather v. Jenswold, supra,* and a new mortgage made for the money furnished, this would be payment in fact and in law.   In the case at bar, the transaction was between the parties to the mortgage, and the old one was not paid.

We think the demurrer was properly overruled.

AFFIRMED.