## Home Savings Bank and C. K. G. Billings, Trustee, v. Mary Stewart Bierstadt.

1. SUBROGATION—*The Term Defined.*—Subrogation is the substitution of another in the place of a claimant to whose rights such other succeeds, in relation to a claim which has been paid by him, as a matter of right or privilege, and not as a mere voluntary act.

2. SAME—*Who May Pay an Incumbrance, etc.*—The general rule is that any person having an interest in property upon which there is an incumbrance, may, if necessary for his own protection, pay off the same and be substituted to the rights and remedies of the holder of the incumbrance.

3. SAME—*Who is Entitled to be Subrogated.*—One who advances money to pay off an incumbrance, upon the agreement with the debtor that the security shall be assigned to him, or a new one upon the same premises or property given to him, will be subrogated to the rights of the incumbrancer, and if the new security turns out to be defective he will be given the benefit of the prior incumbrance unless the superior or equal equities of others will be prejudiced thereby.

4. SAME—*Application to be to a Court of Equity.*—The doctrine of subrogation, taken from the civil law, has been enlarged and extended until it has come to be one in which the question is, almost always, what are the equitable rights of the parties? That is to say, the application is to a court of equity to do that which, in accordance with the law, is equitable. The law of subrogation has been sometimes said to rest on the basis of mere equity and benevolence.

5. VOLUNTEER—*Who is not.*—One who, at the request of the debtor, advances money to discharge an incumbrance, is not a mere volunteer.

Foreclosure, of a trust deed. Appeal from the Circuit Court of Cook County; the Hon. JOHN GIBBONS, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed February 9, 1897.

WINSTON & MEAGHER, attorneys for appellants; JAMES F. MEAGHER and SILAS H. STRAWN, of counsel.

JAMES E. MUNROE, attorney for appellee.

Mr. Justice Waterman delivered the opinion of the Court.

This was a bill filed by appellee to foreclose a trust deed dated October 24, 1892, securing $25,000 loaned by her to one William K. Lowrey.

The loan was payable five years after date, with interest at the rate of 6 per cent per annum, payable semi-annually.

The trust deed conveyed to Horace A. Hurlbut, as trustee, lots 1, 2, 3, 4, 5, 6 and 7, in W. K. Lowrey's resubdivision of lots 16, 17 and 18, with a part of lot 15, in the county clerk's second division of lots 1, 2 and 4 to 14 inclusive (except street), in block 56 in the Canal Trustees' subdivision of section 7, township 39, 14, 3.

The bill charged that the loan was made and obtained for the purpose of paying off and discharging seven trust deeds, dated June 30, 1892, made by said Lowrey to one William J. Goudy, as trustee, conveying, respectively, said lots 1, 2, 3, 4, 5, 6 and 7, to secure, respectively, sums ranging severally between $3,275 and $4,200, each due five years after date, with interest at 6 per cent per annum, payable semi-annually; said trust deeds having been recorded July 21, 1892; that on July 1, 1892, Lowrey executed to C. K. G. Billings, as trustee, a deed of trust of that date, which was recorded August 19, 1892, and conveyed to said Billings Lowrey's equity of redemption in said lots 1, 2 and 3, being subject to the three deeds of trust dated June 30, 1892, made by Lowrey to Goudy; that the deed of trust to Billings was made to secure a promissory note of Lowrey's for $5,250, payable to the order of the Home Savings Bank of Chicago.

To so much of the bill appellants answered, denying the allegations.    To the following portions of the bill appellants demurred:

The bill further charged that at the time of the execution and recording of the trust deed made by Lowrey to Billings, both Billings and the Home Savings Bank knew of the three deeds of trust to Goudy upon said lots 1, 2, and 3, and took the deed made to Billings subject to the deeds of trust made to Goudy; that on the 2d day

of November, 1892, in accordance with the purpose of the loan made by appellee to Lowrey, she paid to the holders of the indebtedness secured by the seven trust deeds to Goudy, the amount thereof, being the sum of $25,000, and on the 2d day of November, 1892, she obtained from Goudy a release of all of said trust deeds made to him as aforesaid, and on the same day caused the same to be recorded; that when she did this neither she nor any one acting in her behalf, had any notice of the existence of said trust deed made by Lowrey to Billings, and that she made her said loan to Lowrey and obtained and recorded releases of said seven deeds of trust to Goudy in the full belief that the deed of trust made by Lowrey to Hurlbut for her benefit would be a first lien upon the premises thereby conveyed, as soon as the deeds of trust to Goudy should be released of record; that before she paid out any money on the said loan by her made, she obtained an abstract of title to the premises conveyed to Hurlbut as aforesaid for her security, brought down to cover the recording of the said deed of trust to Hurlbut; but said abstract did not contain any reference to said deed of trust made by Lowrey to Billings, and she, complainant, was not advised of the existence thereof until June, 1895; that the Home Savings Bank has not parted with anything on the faith of the release of said deeds of trust to Goudy, covering said lots 1, 2 and 3, or changed its position, or done anything upon the faith of the release of said three trust deeds to Goudy, or any of them, and that complainant, under the circumstances, has an equity entitling her to be subrogated to the lien of said three trust deeds to Goudy covering said lots 1, 2 and 3.

The bill further alleged (to which an answer was made,) that the property conveyed by the said trust deed to Hurlbut was not of sufficient value to pay the indebtedness to her, the complainant, and the indebtedness secured by the trust deed made to Billings.

The cause having been referred to a master, he made a report finding substantially that the foregoing allegations of the bill were sustained, and a decree was entered con-

firming the master's report, and subrogating the complainant to the lien of said three trust deeds to Goudy on said lots 1, 2 and 3.

Subrogation is the substitution of another in the place of a claimant to whose rights such other succeeds in relation to a claim which has been paid by him, as a matter of right or privilege, and not as a mere voluntary act.

The principal contention in this case is as to whether appellee, in paying off and discharging the lien of the trust deeds to Goudy, was a mere volunteer.

The general rule is, that any person having an interest in property upon which there is an incumbrance, may, if necessary for his own protection, pay off the same and be substituted to the rights and remedies of the holder of such lien.    24 Am. & Eng. Ency. of Law, 248.

In the present case, it appears that the trust deed made for complainant's benefit had been placed upon record prior to the discharge by her of the lien of the Goudy trust deeds.

The complainant had undertaken to make a loan of $25,000 to Lowrey, and upon his part Lowrey had executed, and there had been recorded, in the carrying out of the agreement made by him with her, a trust deed covering said lots 1, 2 and 3.

While it is true that at such time the trust deed to Hurlbut, made for complainant's benefit, was largely but a mere legal claim upon the premises, no money yet having been advanced, nevertheless, under the complainant's agreement to make a loan, and her right to have the security promised therefor, there existed an equitable right to have the agreement for the loan carried out by both parties thereto.

The general rule is, that one who, at the request of the debtor, advances money to discharge an incumbrance, is not a mere volunteer.   That, in the present case, the understanding and agreement between Lowrey and the complainant was that she should, for her security, have a valid and first lien upon all the property conveyed to Hurlbut, is clear. The complainant therefore seems to be within the rule that her payment was not that of a mere volunteer, but was made at the request of the debtor owing the debt for which

the incumbrance discharged by her existed, and with an understanding with such debtor to whom her loan was made, that she should have a first lien upon the premises covered by the discharged incumbrance, and that the satisfaction of such incumbrance was made at a time when the complainant had a claim of record upon said premises, and was under an obligation to advance money and discharge the incumbrance upon said lots 1, 2 and 3.

The doctrine of subrogation, taken from the civil law, has been enlarged and extended until it has come to be one in which the question is almost always, what are the equitable rights of the parties? That is to say, the application is to a court of equity to do that which, in accordance with the law, is equitable. The law of subrogation has been sometimes said to rest on the basis of mere equity and benevolence. Cheeseboro v. Millard, 1 Johns. Ch. (N. Y.) 409; Gans v. Thieme et al., 93 N. Y. 225.

The formal discharge of the mortgage by the creditor will not prevent the subrogation of one who advances money to pay off the mortgage with the agreement that it should be assigned to him for his security, but this rule will not be enforced to the impairment of the legal or equitable rights of others acquired in ignorance of the agreement and relying upon the extinguishment as shown by the record. 24 Am. & Eng. Ency. of Law, 296.

In the present case, the agreement between Lowrey and appellee was, not that the mortgage which she discharged should be assigned to her for security, but it was, in effect equitably the same thing—it being that she should have a first lien upon the premises covered by the mortgage in question, which necessarily involved either the assignment of such mortgage or its discharge, thus making the trust deed to Hurlbut for her benefit a first lien upon said premises.

Appellants have not, nor has either of them, paid or done anything upon the faith of the discharge of the trust deeds to Goudy. What appellants are contending for is a pure legal advantage, obtained without consideration. If appellants succeed, they will have obtained the benefit of a pay-

ment of more than $10,000 by appellee, without, upon their part, having done or suffered anything. In effect, appellants are insisting that a pure gift, for the benefit of the Home Savings Bank, has been made by appellee.

The equities of the case are clearly with appellee, and there is no rule of law that prevents a court of equity doing, in this matter, what is equitable and just, namely, that appellee be subrogated to the lien and charge of the incumbrance upon said lots, 1, 2 and 3, as such charge existed upon the date when, with her money, the indebtedness of William K. Lowrey secured thereby was paid.

One who advances money to pay off an incumbrance upon the agreement with the debtor that the security shall be assigned to him, or a new one upon the same premises or property given to him, will be subrogated to the rights of the incumbrancer, and if the new security turns out to be defective, he will be substituted to the benefit of the prior incumbrance unless the superior or equal equities of others would be prejudiced thereby. 24 Am. & Eng. Ency. of Law, 292–294; Tyrell v. Ward, 102 Ill. 29; Harris on Subrogation, Sec. 792; Jones on Mortgages, 5th Ed., Sec. 874; Emmert v. Thompson, 49 Minn. 386; Union Mortgage and Banking Co. v. Peters, 72 Miss. 1058; Draper v. Ashley, 104 Mich. 527; Wilton v. Maybery, 75 Wis. 191.

The decree of the Circuit Court is therefore affirmed.