JOHN F. WEBBER, Appellant, v. HAROLD L. FRYE et al., Appellees.

SUBROGATION: Advances to Pay Mortgage—Intent—Negligence. A party who advances the money with which to pay off a real-estate, first-mortgage lien, and takes a new mortgage to secure his advancements, and *causes the first mortgage to be released,* with knowledge that a mechanics' lien might be perfected on the land for a pending improvement, will not be permitted (after the mechanics' lien is perfected) to escape the legal effect of his own negligence, nor will he be permitted to say *that he intended to preserve and continue, in his own behalf, the lien of the first mortgage.*

Headnote 1: 37 Cyc. pp. 383 (1926 Anno.), 471.

*Appeal from Wayne District Court.*—HOMER A. FULLER, Judge.

FEBRUARY 13, 1925.

ACTION in equity, to foreclose a mortgage on real estate. The defendant Rand Lumber Company set up a mechanics' lien on the mortgaged premises, and asked that the same be decreed prior to the lien of plaintiff's mortgage. The court so decreed, and the plaintiff appeals.—*Affirmed.*

*H. B. Bracewell* and *Roberts & Webber,* for appellant.

*D. L. Murrow* and *C. W. Elson,* for appellees.

STEVENS, J.—The controversy in this case involves the right of an existing mortgagee to have priority over a mechanics' lien, filed within 90 days after the last item was delivered on a contract to furnish material for a dwelling house to be erected upon the mortgaged premises, by subrogation to the rights of prior mortgagees, whose claims were paid out of the proceeds of the existing lien and released of record at the instance of appellant. The following facts are without dispute in the record:

On July 26, 1919, Harold L. Frye entered into a written contract with W. G. Walker, R. E. Merrick, and H. L. Garrett, for the purchase of 160 acres of land in Wayne County, Iowa, for an expressed consideration of $24,000. On the date of the contract, the O'Hara Farm Mortgage Company held a mortgage of $6,000 upon 120 acres of the tract, and Wayne County held a mortgage of $1,600 upon the remaining 40 acres. The contract provided for the payment of $1,000 cash, together with the execution of a note for an equal amount due March 1st, and for the further payment of $4,000 on March 1, 1920, the date fixed for the consummation of the contract. The vendors agreed to procure a loan upon the land for the benefit of the vendee in an amount not to exceed $18,000, which Frye agreed to assume and pay as part of the purchase price. Prior to March 1, 1920, deeds were executed by the holders of the legal title to the 160-acre tract, the title to 120 acres of which was in one Wright, and that to 40 acres in one Sprow, directly to Frye, subject to the incumbrances thereon. On February 26, 1920, Frye executed an additional mortgage, of $10,400, to Walker, Merrick, and Garrett,

for the balance of the purchase price. On February 26, 1920, Frye and his wife executed a mortgage upon the entire tract to appellant for $16,000, payable March 27, 1925. The proceeds of the $16,000 mortgage were applied by appellant to the payment of the $6,000 mortgage to the O'Hara Farm Mortgage Company and the $1,600 mortgage to Wayne County. The balance, of $7,000, was forwarded by check to one Lellenberg, who resided at Corydon in Wayne County, to be applied in partial payment of the mortgage of $10,400 executed to the above named parties. A second mortgage on the land was taken by Walker, Merrick, and Garrett for the balance due on the purchase price. The mortgage to Wayne County for $1,600 and the mortgage of $6,000 to the O'Hara Farm Mortgage Company were released of record, upon the payment thereof by appellant.

At the time the contract for the purchase of the land was entered into, the premises were occupied by a tenant. Frye, however, appears to have been given permission to, and did, enter thereon for the purpose of erecting a residence and other improvements. Upon his failure to pay for the material used in the construction of the residence, which was delivered as required during the progress of the building, the Rand Lumber Company, appellee herein, on June 5, 1920, filed a mechanics' lien for $1,498.55, the balance due it for material furnished under a contract of September 15, 1919, entered into between Frye and it.

Prior to the commencement of this action, the lumber company foreclosed its mechanics' lien, without making appellant a party to the action. This action to foreclose the mortgage for $16,000, to which the lumber company was made a party defendant, was commenced July 19, 1922.

Appellant prayed the establishment of its mortgage lien as superior to the mechanics' lien of the lumber company. Appellee lumber company answered, setting up its alleged mechanics' lien, and asked that the same be given priority over the lien of appellant's mortgage. Appellant, in answer to the cross-petition of appellee, alleged that it was the understanding and agreement with all of the parties, before the loan of $16,000 was consummated, that appellant was to have a first mortgage on the land, and that he was assured that no mechanics' lien could or

would be filed on account of material furnished for the erection of the residence; that the prior mortgages on the land were paid and released with the understanding and belief upon his part that the lien of his mortgage was prior and senior to all other liens; that he did not intend, by securing a release of the mortgages, to waive his right of subrogation to the lien thereof; and that, if he had known of the existence of the said mechanics' lien, he would not have paid said mortgages or consented to the release thereof until such lien was fully paid off and satisfied.

The right of appellee to a mechanics' lien is challenged by appellant, who also contends that the statement therefor was not filed within 90 days after the last item was furnished for the building. There is some merit in the latter contention; but we are of the opinion that the preponderance of the evidence is the other way, and that the lien was filed within 90 days after the last item was furnished. This being true, the principal questions for decision arise out of appellant's asserted right of subrogation to the lien of the mortgages to Wayne County and the O'Hara Farm Mortgage Company. It is conceded that the lien of these mortgages was prior and senior to the liens of appellee for the material sold to Frye.

It is unnecessary to enter at length into a discussion of the equitable doctrine of subrogation. Appellee concedes that, unless appellant knew of its right to a mechanics' lien, and negligently failed to have the same satisfied at the time the loan was made, or waived its right to subrogation by paying and causing the prior mortgages to be released without an intention upon his part to preserve the lien thereof for his own use and benefit, he is entitled to subrogation, as claimed. With this concession on the part of appellee, the question resolves itself into one of fact. One Lambert inspected the land for appellant before the mortgage was executed, and reported the facts as to the improvements placed upon the land by Frye. He said nothing, however, in his report, which was in writing, about a mechanics' lien. Later, Lellenberg wrote appellant, in answer to an inquiry from him, that the material for the barn was all paid for, and that *the material for the house was nearly all* paid for, and that no mechanics' lien could be filed. It thus appears that appellant knew that improvements had been placed on the farm

by Frye; that it was subject to a mechanics' lien for any balance due to materialmen; and that some part thereof was not paid. Notwithstanding this knowledge, and without further inquiry or demand that the material be paid for in full, he paid the prior mortgages, and caused the same to be released of record. Under such circumstances, it cannot be said that he did not, at the time, intend that the lien of the mortgages should be satisfied, or that he intended that the same should be retained for his use and benefit. The most favorable construction that can be placed upon the evidence is that he was misled as to the amount due for material, and as to the probability that a mechanics' lien would be filed, by the letter from Lellenberg, who received one third of the commission for securing the loan, and elected to take his chances as to that matter. The lien of the mortgages was retained only if appellant in fact had no intention of waiving or relinquishing such liens at the time the same were paid. *Bennett v. First Nat. Bank,* 128 Iowa 1; *Kent v. Bailey,* 181 Iowa 489; *Vigars v. Hewins,* 184 Iowa 683. The above cases further hold that the right of subrogation is lost by inexcusable negligence on the part of the person asserting it.

We think that appellant was not only negligent, but that it was his intention that the lien of the mortgages was to be extinguished by the payment and satisfaction thereof. In such circumstances, his agreement with the mortgagor and the other parties to the contract of purchase that his mortgage should be a first lien on the premises cannot avail him. He had a right to waive the benefit of the contract in that respect, and this he must be held to have done.

Other questions raised by counsel are not controlling, and need not be considered. It follows that the decree and judgment of the court below is—*Affirmed.*

FAVILLE, C. J., and DE GRAFF and VERMILION, JJ., concur.