L. A. ANDREW, Superintendent of Banking, Receiver Coggon State Bank, Appellee, v. ONEY WOODS et al., Appellants.

No. 42199.

454

JANUARY 9, 1934.

Geo. C. Claassen, for appellants.

John Randall, for appellee.

CLAUSSEN, C. J.—The fact situation disclosed by the record is not difficult of understanding if the record is read in its entirety and without effort to give undue significance to any particular part of it. In 1927, Oney Woods was the owner of two tracts of land in Linn county, embracing together some 280 acres of land. On December 15th of that year he gave, to the Coggon State Bank, three mortgages on such tracts of land, one of such mortgages being a second mortgage. Oney Woods evidently became discouraged and convinced of the hopelessness of the struggle, for on April 10, 1929, he conveyed the lands to his son Walter V. Woods. The son could not keep up the interest and taxes, and, although he had not assumed the payment of the mortgage indebtedness, expressed to the officers of the bank his willingness to convey the land. In the meantime, Oney Woods and his wife Marguerite Woods had been adjudged bankrupts. Prior to the conveyance of the land by Oney Woods and his wife to their son, two judgments were rendered against them; one, by assignment, became the property of appellant W. M. Woods, and the other was in favor of appellants Stahrs. In this situation the president and cashier of the bank prepared a deed in which their

names were inserted as grantees which was signed by the son and delivered to them. This deed was dated July 16, 1931. The deed is in usual form and the names of the grantees were inserted in the deed without anything to indicate that it was not a purely personal transaction. On October 12, 1931, Johnson, the president, and Lindahl, the cashier, and their wives, executed a deed conveying the land to the bank. This deed was placed in an envelope and the envelope was placed in the vaults of the bank with other papers that were left with the bank for safekeeping. Finally the bank was adjudged insolvent, and appellee was appointed its receiver. He, of course, designated an examiner in charge to take charge of the affairs of the bank. The examiner found the deed from Johnson and Lindahl to the bank where it had been left and sent it to the county recorder to be recorded.

During all these times the Oney Woods notes remained in the note case of the bank, where they were found by the receiver upon his appointment, and it appears that during all the time the bank had been collecting the rents on the land and applying it on taxes and interest.

In this situation, appellants, W. M. Woods, L. N. Stahr and W. F. Stahr, the judgment holders, claim that the liens of the three mortgages have been merged in the fee, and in consequence are nonexistent. If this were true, appellee would hold the fee of the land subject to the liens of appellants' judgments, and the prayer of appellants is that this situation be established by the court.

Concerning the law in relation to the merging of estates, the decisions of this court leave no doubt, and the parties are not in serious dispute in relation to it. The present case is in equity; consequently we are not concerned with the rule at law. In Woodward et al. v. Davis, 53 Iowa 694, 6 N. W. 74, this court said:

"It is a general rule, and one abundantly established by authority, that where a mortgagee receives a conveyance of the mortgaged property his mortgage will not merge in the legal title, but will be kept alive to enable him to defend under it against the title or lien of another acquired after the execution of the mortgage, if such protection is to the interest and consistent with the intention of the mortgagee; and in the absence of evidence to the contrary his intention will be presumed to correspond with his interest."

In the recent case of Harrington v. Feddersen, 208 Iowa 564,

226 N. W. 110, 66 A. L. R. 59, Mr. Justice Wagner, speaking for the court, said:

"There is no merger of lien in a deed, both being taken and held by the same party, where such was not the intent of the parties or is against the interest of the grantee."

If the liens of the mortgages have been merged in the fee, the receiver holds the title to the land subject to the lien of the judgments. If there has been no merger, the interest of the receiver in the land is greater in value by an amount equal to the outstanding judgments of appellants. The best interests of the bank and the receiver require that the liens of the mortgages continue in existence. In this situation it must be held, under the rule of law above stated, that mergers have not taken place, unless the record sustains a finding that it was the intention of the bank that mergers should result. If it was the intention of the bank that the liens of the mortgages should be merged in the fee, no reason existed for making the deed from Walter V. Woods to Johnson and Lindahl. The deed might just as well have been made to the bank. It is of course true that, if the deed had been made to the bank, the land would have appeared in the bank's statement as "other real estate" and it is common knowledge that the mounting totals under this head in bank statements was a source of alarm at the time these transactions took place. Appellants argue that the parties intended by the transactions to discharge the obligation of Oney Woods and wife upon their notes, asserting this to be a pivotal consideration. They select a sentence here and an expression there in the testimony of the witnesses and suggest that such statements prove that it was the intention of all the parties to discharge the obligation of Oney Woods upon the notes. Appellee counters by calling attention to miscellaneous statements of the witnesses as evidencing a contrary intent. Without distorting the record, and, giving to every part of it its fair weight, as it fits into the whole picture, the conclusion cannot be escaped that the officers of the bank knew that nothing further could be realized from the Woods. So far as Oney Woods and his wife were concerned, their attitude can only be characterized as one of complete indifference. The record does not indicate that they were aware of the transfer of the land by their son, at the time it was made. They had conveyed their interest in the land. They had been discharged in bankruptcy. They could safely be indif-

ferent. Walter V. Woods had not assumed the mortgage indebtedness; consequently, the matter was of no moment to him. The notes were not surrendered, nor were the mortgages released of record. No demands for payment of interest were sent by the bank to either Oney Woods or Walter V. Woods, but Oney Woods had been discharged in bankruptcy and Walter V. Woods was not obligated on the notes. So far as the Woods were concerned, no act of the bank was necessary to effectuate their release. While the deed from Walter V. Woods was made to Johnson and Lindahl in their individual names, there is no question but what they were in truth trustees for the bank. They recognized this fact by executing a deed conveying the land to the bank. The question whether this deed was delivered to the bank or accepted by it, or by the receiver, is the subject of contention, but whether it was delivered or accepted is a matter of no particular moment, for, if a merger of the liens and the fee resulted, it must have resulted under the record, at the time of the execution of the deed by Walter V. Woods. If, under the circumstances, a merger has not resulted, even though the lien and the fee were vested in the bank, inquiry need not be made concerning whether the deed was either delivered to or accepted by the bank or the receiver. The fact that title to the land was taken in the name of individuals who were in truth trustees for the bank, coupled with the fact that the Oney Woods notes were carried among the bills receivable of the bank, leads inevitably to the conclusion that it was not the intention that the liens of the mortgages should be merged in the fee. This was the conclusion reached by the trial court.

It follows from what has been said that the decree of the trial court is right. It is affirmed. A motion to strike appellee's brief and argument, submitted with the case, has been withdrawn by appellants.—Affirmed.

Evans, Albert, Kindig, and Donegan, JJ., concur.