BANKERS TRUST COMPANY, Appellant, v. L. GRACE STALLCOP, Appellee.

No. 43921.

SEPTEMBER 28, 1937.

REHEARING DENIED JANUARY 14, 1938.

John Connolly, Jr., Irvin Schlesinger, and Frank D. Bianco, for appellant.

G. F. Brooks, for appellee.

KINTZINGER, J.—In September, 1922, the owner of the real estate in question executed a note and mortgage of $3,500 against the real estate in question to the Peoples Savings Bank. The Peoples Savings Bank assigned this mortgage to plaintiff as collateral security for the payment of certain deposit liabilities of

the Peoples Savings Bank assumed by plaintiff. In November, 1928, plaintiff herein assumed complete ownership of the $3,500 note and mortgage, which, up to that time, they held as collateral, and which were then bought outright by plaintiff and carried as a mortgage loan.

In September, 1924, the owner of said real estate executed a second note and mortgage of $1,000 to the United Mortgage Loan Company, which company assigned it to the defendant, L. Grace Stallcop.

In November, 1925, plaintiff herein also advanced certain funds to the Security Trust & Savings Bank to enable it to pay off its depositors, and in consideration therefor that bank executed its note to plaintiff, secured by various assets of the Security Trust & Savings Bank as collateral. Among these assets were included two blank deeds to the property in question and a certain real estate contract for the sale of said property to one Harry Andrews, from whom plaintiff collected certain payments on the contract, including interest on the first and second mortgages.

The record shows that these deeds and the Andrews' contract were held by the plaintiff bank to fulfill the terms of the Andrews' contract. The contract provided that after payment of certain amounts, the owner of the real estate was to give Andrews a warranty deed to the property, free from all incumbrances except the first and second mortgages of $3,500 and $1,000, respectively. It was also agreed that when the purchase price was reduced to the amount of the first and second mortgages, Andrews would receive the deeds to the property and assume the mortgages thereon.

Plaintiff's mortgage was never paid or cancelled of record, nor was it ever released or returned to the owner of the real estate. We have carefully examined the record and find that there was never any intention on the part of plaintiff bank to release the real estate in question from the operation of plaintiff's first mortgage.

The only question presented is whether or not, under the facts as hereinabove disclosed, the lien of plaintiff's mortgage became merged in the title to the real estate because of the deeds received by plaintiff bank as security for the indebtedness due it from the Security Trust & Savings Bank.

Defendant, Grace Stallcop, alleges that plaintiff's mortgage

of $3,500 became merged in the real estate by the acquisition thereof by the plaintiff herein.

The lower court found that the lien of plaintiff's mortgage became merged in its title to the real estate, thereby advancing appellee's second mortgage to priority over plaintiff's mortgage, and plaintiff appeals.

In support of her contention, appellee cites the following cases: Weidner v. Thompson, 69 Iowa 36, 28 N. W. 422; Mather v. Jenswold, 72 Iowa 550, 32 N. W. 512, 34 N. W. 327; Webber v. Frye, 199 Iowa 448, 202 N. W. 1. In these cases, the rule is recognized that where the title owner of real estate pays off a *prior* existing mortgage thereon, the lien of the mortgage is extinguished and becomes merged in the title.

 In Weidner v. Thompson, 69 Iowa 36, 1. c. 38, 28 N. W. 422, this court said:

"The controlling point in the case involves the * * * question whether the mortgage was paid, and was intended to be canceled, and was not intended to subsist as a lien for the benefit of plaintiff. It cannot be doubted that the law will look to the intention of the parties, and the interest of the plaintiff, in order to determine whether the mortgage is to be regarded as paid and canceled. The fact that it was canceled of record will not avail to discharge the mortgage, if the parties intended that the lien should continue, and plaintiff's interests demanded it. But if the parties intended to discharge the mortgage, and the debt was in fact paid, and not transferred to plaintiff, the cancellation must stand, and the lien be regarded as discharged."

It is likewise the rule, however, that where a mortgagee, who, subsequent to the execution of a mortgage, acquires the fee title to the mortgaged property, the lien of his mortgage does not thereby merge into the fee, when such was not the intention of the holder of the mortgage, and when such merger would be detrimental to his interest. 41 C. J. 776, Sec. 872; 41 C. J. 779, Sec. 874; 41 C. J. 780, Sec. 875; Vannice v. Bergen, 16 Iowa 555, 85 Am. Dec. 531; Linscott v. Lamart, 46 Iowa 312; Woodward v. Davis, 53 Iowa 694, 6 N. W. 74; Gray v. Nelson, 77 Iowa 63, 41 N. W. 566; Harrington v. Fedderson, 208 Iowa 564, 226 N. W. 110, 66 A. L. R. 59; Andrew v. Woods, 217 Iowa 453, 252 N. W. 112.

The rule upon this question is stated in 41 C. J. 776, Sec. 872, as follows:

"The question of whether a conveyance of the equity to the mortgage results in a merger of the mortgage and fee is pri-marily one of the intention of the mortgagee. The mortgagee has an election in equity to prevent a merger and keep the mortgage alive, which he may do for his own protection as against other liens or incumbrances, even though he does not indicate his intention for a long time after the conveyance of the equity to him and not until another is about to acquire from him an interest in one of the estates."

"The presumption being, in the absence of proof to the contrary, that he intended what would best accord with his interests." 41 C. J. 779, Sec. 874.

An examination of the Iowa cases hereinabove cited will show that this rule has been followed in this state.

In Woodward v. Davis, 53 Iowa 694, l. c. 697, 6 N. W. 74, 75, this court said:

"It is a general rule, and one abundantly established by authority, that where a mortgagee receives a conveyance of the mortgaged property his mortgage will not merge in the legal title, but will be kept alive to enable him to defend under it against the title or lien of another acquired after the execution of the mortgage, if such protection is to the interest and consistent with the intention of the mortgagee, and in the absence of evidence to the contrary his intention will be presumed to correspond with his interest."

In Harrington v. Fedderson, 208 Iowa 564, l. c. 568, 226 N. W. 110, 112, 66 A. L. R. 59, this court said:

"There is no merger of lien in a deed, both being taken and held by the same party, where such was not the intent of the parties or is against the interest of the grantee."

In Andrew v. Woods, 217 Iowa 453, l. c. 456, 252 N. W. 112, 113, this court said:

"The best interests of the bank and the receiver require that the liens of the mortgages continue in existence. In this situation it must be held, under the rule of law above stated,

that mergers have not taken place, unless the record sustains a finding that it was the intention of the bank that mergers should result.''

■■■ An examination of the cases cited by appellee is to the effect that where the owner of the title pays off a pre-existing mortgage, the lien of the mortgage merges in the title, and, therefore, subsequent liens are advanced to priority over the former mortgage.

In the case at bar, the evidence shows without conflict that plaintiff acquired the mortgage of $3,500 from the Peoples Savings Bank in November, 1928, and long prior to the time the deeds in question were transferred to appellant. It may be true that this mortgage was carried on the books of the bank as collateral, but the facts show that it belonged to and was the property of appellant since November, 1928.

The evidence also shows that in addition to furnishing money to the Peoples Savings Bank, appellant also furnished money to the Security Trust & Savings Bank in order to help that institution stem the tide of insolvency. In consideration for such advances, that institution transferred to the appellant as collateral the two deeds executed in blank, together with the contract of sale of said real estate, which the owner of the property entered into with one Andrews. The deeds and contract were transferred to the appellant as collateral security for the payment of the amount of money due upon said contract. These two deeds were held in the appellant's files with the real estate contract of Harry Andrews, and as collateral security therefor. The deeds themselves specifically provided that they were subject to first and second mortgages of $3,500 and $1,000, respectively, and that the deeds were subject to the contract of purchase entered into by Harry Andrews, and contained no provisions whatever for the assumption of the mortgages by appellant. The contract for the sale of said real estate was executed by the then owner, and under it the purchaser assumed and agreed to pay the $3,500 mortgage held by appellant and the $1,000 mortgage held by appellee. There never was any intention on the part of appellant to discharge or relinquish the lien of its first mortgage. On the contrary, the record shows that when the purchaser under the contract of sale defaulted in his payments, appellant commenced this action to foreclose its mort-

gage. The record also shows that there was only a balance of $500 due upon appellee's mortgage.

Without considering the evidence in further detail, it is sufficient to say that we are abidingly convinced from the facts in this case that there was no intention on the part of the appellant mortgagee to discharge its mortgage lien when it received the deeds executed in blank, as collateral security for the payment of the amounts due upon the real estate contract in question; its mortgage had never been released, and no receipt was ever given in payment therefor.

We are, therefore, constrained to hold that under the facts in this case there was no merger of the lien of appellant's mortgage with any title it may have acquired after it obtained title to the mortgage in question.

For the reasons hereinabove set out, the judgment of the lower court is hereby reversed and the case remanded for a decree in harmony herewith.—Reversed and remanded.

HAMILTON, C. J., and ANDERSON, DONEGAN, PARSONS, RICHARDS, STIGER, and SAGER, JJ., concur.