HAMMOND v. LEAVITT ET AL.

| 59 | 407 |
| 122 | 450 |

1. **Mortgage**: REDEMPTION FROM BY PURCHASER UNDER JUNIOR JUDG-
MENT. The plaintiff was an execution purchaser of land on a judgment
which was a lien upon the land subsequent and inferior to defendant's
mortgage, which was due, and plaintiff brought this action to redeem
from the prior mortgage and to be subrogated to the rights of the mort-
gage; *held*, that such right to redeem and to be subrogated existed at
common law, and that there is nothing in our statute abrogating that
right.

*Appeal from Black Hawk Circuit Court.*

TUESDAY, OCTOBER 3.

ACTION IN EQUITY. Decree for the plaintiff, and defendants
appeal.

*Boies & Couch*, for appellant.

*C. W. Mullen*, for appellee.

SEEVERS, CH. J.—I. The facts briefly stated are that the
defendants are the owners of a prior mortgage on real es-
tate and the plaintiff is the owner of a judgment
1. MORTGAGE:
redemption against the mortgagor which is a lien on the
from by pur-
chaser under mortgaged premises. The plaintiff caused execu-
junior judg-
ment. tion to issue on his judgment, and thereunder
the premises were sold, the plaintiff being the purchaser.
After six, but before the expiration of nine months, from the
sale, the plaintiff tendered the defendants the full amount
due on the mortgage, all of which was then due and payable,
as and in redemption of the premises from such mortgage,
and sought to be subrogated to all the rights of the mort-
gagee. The defendant refused to accept the tender and de-
nied the plaintiff's right to redeem and to subrogation. This
action was brought to enforce such right. It is conceded by
counsel on both sides that the right attempted to be exercised
by the plaintiff existed at common law, or in the absence of
any legislation on the subject.

We shall not stop to inquire and state the ground upon which the rule is based. Counsel for the appellant insist such rule has been abrogated by statute, or that the provisions thereof are inconsistent with the exercise of such right; that a judgment or lien-creditor under the statute may, after the foreclosure of a prior mortgage, redeem therefrom, is conceded, but that this may be done before foreclosure, is denied by counsel for appellant. It is said, if this is so, then the debtor and creditor entitled to the prior lien cannot make any arrangement for the extension of the time of payment of the prior encumbrance. But is this so? Suppose, before the offer to redeem is made, the debtor and creditor have entered into any arrangement whereby an extension of the time of payment is granted and the same is a binding contract as between them, does it necessarily follow a junior creditor by redeeming can put an end to such contract? As there is no such question before us, we content ourselves with stating without undertaking to determine it.

Of course it is in his power, and it is just as competent for the senior creditor to grant an extension after foreclosure of the prior mortgage as it was before that time. Now, if a junior creditor can redeem after foreclosure, as he certainly may, why not before? It is said section 3103 of the Code gives the debtor the exclusive right for six months after the sale to redeem, and to permit a junior creditor to redeem before sale is inconsistent with this provision of the statute. To an extent, this is so, but the debtor can prevent such redemption by doing that which it is his duty to do, and that is to pay the junior lien. It is true section 3109 of the Code in terms provides the junior creditor may redeem from the senior if execution has been issued. This gives a right which did not exist before, or at common law, but it does not negative or take away any existing or prior right possessed by the junior creditor. We are unable to discover any provision of the statute which negatives or takes away the right of the junior creditor to redeem from a prior mortgage previous to

the foreclosure thereof. Besides this, the equity of redemption of the mortgagor in the premises may be sold under the statute by a junior judgment creditor. The purchaser at such sale, if there is no redemption therefrom, becomes vested with the right and title subject to the prior encumbrance. He, in fact, is the owner of the premises, subject to the encumbrance, and must therefore become possessed with all the rights of an owner, among which is the right to pay off an encumbrance. The owner may assign his right to redeem to another. Code, § 3123. A sale of the equity of redemption has the same effect as the voluntary assignment by the debtor of the right to redeem.

AFFIRMED.