## SALIÑA FROUD v. MERRITT BROTHERS, Appellants.

**Deed as Mortgage:** EVIDENCE. Plaintiff, being indebted to defendants on book account to the amount of one hundred and sixty dollars, offered to convey a house and lot for four hundred dollars, less the amount of the debt. After the deed was executed, defendants decided not to make the purchase, but agreed to take and hold the deed as security for the debt. Defendants took and held possession of the premises for four years under the deed, leasing the property, and collecting the rents. At the end of that time, plaintiff took possession and made improvements without objection on the part of defendants. *Held*, that the evidence justified the finding that the transaction was a mortgage.

LIABILITY OF MORTGAGEE FOR RENTS. The defendants, being chargeable with the rents of the property during the time they were in possession, cannot escape their liability by showing that one of the tenants had defrauded them out of a portion of the rent. By taking possession, defendant became chargeable for what a provident owner would, by the use of reasonable diligence, have received.

*Appeal from Appanoose District Court.*—HON. H. C. TRAVERSE, Judge.

### WEDNESDAY, OCTOBER 21, 1896.

ACTION in equity for an accounting, to have a conveyance in the form of a deed adjudged to be a mortgage, and for a re-conveyance of the mortgaged premises. There was a hearing on the merits, and a decree for the plaintiff. The defendant appeals.— *Affirmed.*

*Porter & Porter* for appellants.

*C. F. Howell* for appellee.

ROBINSON, J.—On the second day of August, A. D. 1880, the plaintiff and her husband executed to the defendant, a co-partnership, an instrument in the form of a warranty deed, which purported to convey to the defendant, lot numbered 7, in block numbered 1, in

Adamson's addition to the town of Centerville. The consideration stated was four hundred dollars. The plaintiff claims that the instrument was designed to secure the payment of one hundred and sixty dollars which she was owing to the defendant on account, and that it was agreed that, when that amount should be paid, the defendant would convey the property to the plaintiff; that the amount which the instrument was designed to secure has been fully paid, but that the defendant refuses to convey the property as agreed. The first answer of the defendant contained a general denial and averment that the defendant was the owner of the lot in fee. An additional answer admitted that the conveyance was a mortgage, but claimed that the debt it was designed to secure had not been paid. A third and the final answer contains a general denial, and alleges that, if the conveyance is declared to be a mortgage, the plaintiff is indebted to the defendant in the sum of five hundred and sixty-one dollars, but avers that the conveyance was absolute, and that the defendant is the unconditional owner of the property. None of the answers purport to be a substitute for any other, and all the allegations stand together, the admissions with the denials. The district court found and adjudged that the conveyance was in fact a mortgage, and that the debt it was intended to secure had been paid. A re-conveyance of the property was ordered, and the defendant was required to pay the costs of the action.

A preponderance of the evidence establishes the following facts: At the time the conveyance was executed, the plaintiff owed the defendant one hundred and sixty dollars, and there was an incumbrance on the property of fifty dollars. It was agreed between the plaintiff and the defendant that she should convey the property to it for a consideration of four hundred dollars, from which should

be deducted the amount she was owing. The deed was drawn and signed, pursuant to that agreement, but the defendant concluded not to consummate the purchase. It was then agreed that the deed should be accepted and held by the defendant as a mortgage to secure the payment of the debt. Twenty dollars were paid when the deed was delivered. The defendant took charge of the lot, upon which there was a house, and leased it to different persons, and collected the rents, for about four years. The fair rental value of the property was at least five dollars per month, and during nine months it was rented for six dollars per month. The defendant has retained all the money received as rent. At the end of the time during which the defendant had charge of the property, the plaintiff took possession of it, and has held it since. She has paid the taxes on it, constructed a kitchen, barn, fence, and cistern, and made other improvements. The property is worth eight hundred dollars. The evidence, without the admission contained in the second answer, shows clearly and satisfactorily that the instrument was designed to be, and was treated as, a mortgage.

The remaining question to be determined is whether the debt it was designed to secure has been paid. The defendant is engaged in selling merchandise at Centerville, and has submitted in evidence a statement of account which shows an indebtedness to it from the plaintiff, of nearly two hundred and fifty dollars, of which one hundred and sixty-nine dollars and seventy-two cents are for interest computed at the rate of ten per cent. per annum. The statement contains charges for some items which were never furnished to the plaintiff, but to a son, who was not authorized to obtain goods on his mother's account, and did not do so. The defendant did not give to the plaintiff credit for the property, nor for rents collected

for its use. The defendant claims that it did not collect rent for all of the four years during which it rented the property, and one of the partners states that he "thinks" one-half of the rent was lost, and that one tenant who had the property three years and three months "beat" the defendant out of three-fourths of the rent. The evidence does not sustain these claims, and satisfies us that more than enough was paid to satisfy the debt of the plaintiff, including legal interest. But, if this were not so, the defendant should sustain the loss which resulted from his own negligence. Its duty was to use reasonable efforts to lease the property to tenants who would pay the rent, and to collect it as it accrued. By taking possession of the property, the defendant assumed the duty of a provident owner, and became chargeable for what such an owner would with reasonable diligence have received. See *Barnett v. Nelson*, 54 Iowa, 46 (6 N. W. Rep. 49); *Scruggs v. Railroad Co.*, 108 U. S. 368 (2 Sup. Ct. Rep. 780); *Montague v. Railroad Co.*, 124 Mass. 242; 4 Kent Comm. 166. Had the defendant failed to collect a sufficient amount to pay its claim, the failure would have been due to its own lack of diligence. The decree of the district court is fully sustained by the evidence, and is AFFIRMED.