THE BANK OF ACKLEY, Appellant, v. JOHN PORTER, W. S. PORTER *et al.,* Defendants.   J. H. SCALES, Intervener, Appellant.

**Payment of Chattel Mortgage Note:**   RIGHT OF PAYOR: *Indorser and surety.*   One who pays one note secured by chattel mortgage which also secures other notes and who is neither surety nor indorser of the note paid by him is not entitled to share in the proceeds of the mortgaged property sold on foreclosure.

SAME:   *Subrogation.*   One not an indorser or surety on a note, who pays it, has no claim against the maker on such note, so as to give him any right in chattels mortgaged to secure such note together with others.

Review on Appeal:   FINDING OF FACTS IN EQUITY CAUSE.   Where the
    evidence is conflicting, the weight which the appellate court
 3  accords to the trial court's finding of fact when the witnesses
    are before it, will sustain its holding thereon.

*Appeal from Hardin District Court.*—HON. W. S. KENYON,
                          Judge.

                 SATURDAY, APRIL 12, 1902.

    ACTION in equity to foreclose a chattel mort-
gage made to secure a series of notes falling due at different
times. The contest here is as to rights of priority between
plaintiff, the intervener, and the defendant W. S. Porter,
who are note holders. There was a decree adjusting their
respective rights, which will be more specifically referred to
in the opinion. Plaintiff and intervener appeal. Defendant
W. S. Porter also served notice of appeal. Whether he per-
fected it,—a matter about which there is some dispute,—we
need not determine, for the reason that the only interest to
which we find him entitled is involved, of necessity, in the
appeal of the other parties.—*Modified.*

    *C. E. Albrook* and *J. H. Scales* for appellant.

    *W. J. Moir* and *John Porter* for appellees.

    WATERMAN, J.—A sale had been made under the mort-
gage by an agent of the note holders, when the proceeding was
brought into court on the application of plaintiff. The pro-
ceeds of the sale were deposited, and the contest now is over
a division of the money. Excluding one note, which it is
admitted was paid, the others secured by the mortgage are
as follows: $200, due June 12, 1893; $250, due September
12, 1893; $250, due December 12, 1893; $200,
due June 12, 1894; $300, due September 12, 1894,
$500, due March 12, 1895. Defendant W. S. Porter

claims to be the owner of the first two of these notes, and there is no dispute but that intervener owns the third, and plaintiff the last three. The trial court found W. S. Porter owned the first note, or a part of it, of the value of $62, with interest, amounting in all to $92.38. It also found him to be the owner of the second note, which, less two credits, amounted, with interest, to $334.96. It gave him a first lien on the mortgage fund, and it is that portion of the decree which is attacked in this court. These notes and the mortgage securing them were made by one T. O. Walker to J. H. Scales. The first of the notes, claimed by defendant Porter, was indorsed by Scales to Barnhart Bros. & Spindler, of Chicago. It was paid to that firm, and, while there is some dispute as to whether W. S. Porter or intervener paid it, we do not think the matter material on the issue before us. The trial court must have found that $62 was paid by Porter. We may concede that fact. His payment of the note gives him no right to make any claim under the mortgage. He was not an indorser or surety upon it, and can claim no right of subrogation. *Matteson v. Dent,* 112 Iowa, 551. There is nothing in the record to warrant the thought that Porter purchased, or aided in purchasing, this note, and that it was assigned to him. He simply paid it. Whatever claim he may have against Walker, the maker, would not be on the note, and that is one reason why he can make no claim on it in this proceeding.

II.  It is not disputed that W. S. Porter owns the second note. The principal claim is that, through an agreement made by him, the plaintiff bank was given a priority of lien for the portion of indebtedness due it on the mortgaged property. Such an agreement was made and signed by John Porter, the father of W. S. Porter. The latter now contends the agreement was made without his authority. While there is some evidence of John Porter's authority to execute this

paper, and also evidence that W. S. Porter afterwards ratified his father's act, yet, as the·matter is in conflict,—there being evidence the other way,—and therefore in some doubt, the weight which we accord to the trial court's finding of fact when the witnesses are before it will sustain its holding on this point. See *Pryne v. Pryne,* 116 Iowa, 82. The amount allowed W. S. Porter on the first note, $92.38, should be deducted.from the total sum awarded him. This will leave the amount due him $334.96. In view of the modification, W. S. Porter should pay one-fourth of the costs of this and the trial court.—MODIFIED and AFFIRMED.