ROBERT BOWEN, Appellee, v. SADIE GILBERT, Appellant.

**Liens:** SUBROGATION. A junior lien holder, for the purpose of protecting his own security, may pay a prior lien without the debtor's consent and before foreclosure of same, and is entitled to be subrogated to the rights of the holder of such lien.

**Same.** Where a junior lien holder pays a prior mortgage for his own protection, and by mistake as to his legal rights procures its cancellation, he is still entitled to subrogation where the rights of third parties have not intervened.

*Appeal from Wapello District Court.*—HON. M. A. ROB-
ERTS, Judge.

## THURSDAY, JANUARY 28, 1904.

ACTION in equity to set aside the cancellation of a mort-
gage upon real estate, and to reinstate the lien thereof. De-
cree for plaintiff, and defendant appeals—*Affirmed.*

*Mitchell & Hunter* and *Wherry & Walker* for appellant.

*Jaques & Jaques* for appellee.

WEAVER, J.—The defendant borrowed from plaintiff
the sum of $650, and secured the repayment of the loan by a
lien upon a tract of town property owned by her. In effecting
this transaction, the defendant, instead of giving a mortgage
in the ordinary form, executed and delivered to plaintiff a
warranty deed of the premises, and received the plaintiff's
written agreement to reconvey the same upon payment of the
debt according to the terms incorporated in the writing. At
the date of the conveyance and contract to reconvey there ex-
isted a prior duly recorded mortgage upon the same premises,
held by a building and loan association, for about $800, sub-
ject to certain credits for installments paid. The subject of
this mortgage was mentioned, and defendant undertook to
keep up the payments thereon as they should fall due. There-
after the plaintiff paid to the building and loan association
the amount due on the prior mortgage, and procured the can-
cellation of the lien of record. Later he took possession of the
property, or of some part of it, and excluded the defendant
therefrom. He afterward began this action to reinstate the
prior mortgage and to be subrogated to the lien thereof, and
also asked a decree foreclosing both mortgages. Defendant
resists the granting of the relief asked, and insists that the
payment by plaintiff to the building and loan association was

without right, and without her knowledge, authority, or consent, and was not required for the protection of the plaintiff's security. In other words, defendant claims that the payment of the debt by plaintiff was voluntary, and she is under no legal obligation to repay it. The district court found for plaintiff—that he was entitled to a reinstatement of the lien, and to be subrogated to its protection—but denied the prayer for a foreclosure of the mortgages.

I We think it unnecessary to go into a review of the testimony. In our judgment, the findings of the trial court upon the facts are abundantly sustained. There is, it is true, 1. LIENS: subrogation. a dispute in the testimony whether at the time the loan was made there was any agreement or understanding that plaintiff might take up the prior mortgage, but it is not material to our determination which party is right in this contention. Being a junior lien holder, plaintiff had an undoubted right, without defendant's consent, to fortify his own security by paying the sum due on the prior incumbrance, and to be subrogated to its lien. 3 Pomeroy's Equity Jurisprudence (2d Ed.) 1212. He was not required to await foreclosure proceedings by the prior lien holder before exercising the right. *Hammond v. Leavitt,* 59 Iowa, 407. These propositions we regard as elementary. In view of this conclusion, the numerous precedents cited upon the rule applicable to payments by a mere volunteer or stranger in interest do not require our consideration.

II. Much stress is laid by appellant upon the fact that plaintiff caused or permitted the prior mortgage to be canceled of record. This is not a controlling circumstance. No rights of third parties have intervened. No increased burden is placed upon defendant by requiring her to pay the debt to plaintiff, instead of to the building and loan association. She pledged the property to secure the payment of both claims, and the decree of the district court simply recognizes the obligation thus voluntarily and for a valuable consideration entered into by her. Moreover, the evidence tends to show that, after plaintiff had paid

off the prior mortgage, defendant recognized him as her sub-
stituted creditor upon that claim by paying him one or more
installments thereon, and tendering him still others; thus, in
effect, ratifying and confirming his act.    That a payment
made by a volunteer or stranger may be ratified, and such
ratification held equivalent to an original request, see *Win-
sor v. Savage,* 9 Metc. (Mass.) 348.    The effect of the can-
cellation of the mortgage depends upon the intent with which
it is done, and it is entirely clear from the evidence that
plaintiff, relying upon his deed, supposed that there was no
occasion to foreclose his junior lien, and canceled the prior
lien, thinking he could thereby perfect an absolute and un-
incumbered title in himself.    In other words, he intended
thereby to protect his interest in the premises, and the fact
that he was mistaken as to the legal quality of his right af-
fords no reason in equity why the court should permit de-
fendant to reap the benefit of his payment without any con-
sideration or equivalent of any kind.    The cancellation of
record of the lien has often been held no bar to relief by sub-
rogation where the situation has not been complicated by in-
tervening rights of third persons.    *Ward v. Seymour,* 51 Vt.
320; *Elliott v. Tainter,* 88 Minn. 377; *Elbert v. Gerding,*
116 Ill. 217 (5 N. E. Rep. 591); *Gardner v. Astor,* 3 Johns.
Ch. 53 (8 Am. Dec. 465).    That a mistake of law as to the
effect of the payment of the prior mortgage will not neces-
sarily defeat the right of subrogation, see *Arlington Bank v.
Paulsen,* 57 Neb. 717 (78 N. W. Rep. 314.)

The decree entered below works equity between the
parties, and is AFFIRMED.