· OF THE .

## STATE OF IOWA

AT

## DES MOINES, JANUARY TERM, A. D. 1905.

AND IN THE FIFTY-NINTH YEAR OF THE STATE.

---

DINAH J. BENNETT, Appellee, v. THE FIRST NATIONAL BANK and SIDONIA HOSFORD, Appellants, WILLIAM G. WATTERS, MARY WATTERS, EXCELSIOR BRASS WORKS, and MARY A. KEMLER and SIDONIA HOSFORD, as executors of the will of Richard Waller, Deceased.

Mortgages: SUBROGATION. The holder of a judgment lien who has paid a prior mortgage in order to protect his lien may be subrogated to the rights of the mortgagee; and he may have a foreclosure of the mortgage even though the same has been discharged of record, unless there are intervening rights of third parties without notice.

**Same.** The fact that one who furnished the money to pay a mortgage on real estate had actual knowledge of the existence of a junior lien, will not necessarily defeat the right to subrogation where there was in fact no intention to waive the right.

**Subrogation:** INTEREST. One who furnishes the money to discharge the mortgage debt of another is entitled to subrogation as of the date the money was furnished, and may recover the agreed rate of interest on the sum advanced irrespective of the rate provided in the mortgage.

**Priority of judgment liens.** The lien of a junior judgment will not be given precedence over a prior one, in point of time, unless a clear right is shown. The evidence, pleadings and decree of the trial court are reviewed and held insufficient to show that payment of the prior judgment had been assumed by third parties, even if that fact would warrant the relief demanded; that the pleadings were insufficient to permit proof of such assumption, and that the decree was not an adjudication of the liability of such third parties.

*Appeal from Dubuque District Court.*— HON. FRED O'DONNELL, Judge.

TUESDAY, JANUARY 17, 1905.

THE opinion states the case.— *Modified.*

*R. W. Stewart,* for appellants.

*McCarthy, Kenline & Roedell,* for appellee.

WEAVER, J.— This action in equity was begun for the foreclosure of a mortgage and other relief. The claim of the plaintiff is based on the following alleged facts, which, to avoid confusion, are separately stated and numbered:

(1) On January 7, 1897, William G. Watters and Mary Watters made the note and mortgage in suit to A. A. Carter; the mortgage being duly filed for record on the same day.

(2) On October 5, 1897, the Second National Bank of

Dubuque obtained a judgment for $15,066.66 and costs in the district court of that county against the Excelsior Brassworks, as principal, and A. W. Hosford, J. W. Watters, P. H. Halpins, Peter R. Martin, Sidonia Hosford, and Mary Watters, as accommodation indorsers and guarantors, in the order named.

(3) On October 14, 1897, the plaintiff herein recovered two several judgments in the same court against the said Mary Watters and William G. Watters for the aggregate sum of $8,034.03 and costs.

(4) On November 29, 1897, the Excelsior Brassworks, the principal defendant in the judgment first named, transferred all its assets in trust to Sidonia Hosford, for the use and benefit of the said Sidonia Hosford and Mary A. Kemler, in their individual right, and as executors of the will of Richard Waller, deceased; and, as a part consideration for said transfer, said Sidonia Hosford and Mary A. Kemler, individually and as executors as aforesaid, assumed the payment of the aforesaid judgment in favor of the Second National Bank. It is also alleged in this connection that, upon the application of Sidonia Hosford, one Amanda L. Hosford was appointed receiver of the Excelsior Brassworks.

(5) Thereafter the First National Bank, with knowledge of the alleged assumption by Hosford and Kemler of the payment of the judgment in favor of the Second National Bank, took an assignment of said judgment, which assignment was filed with the clerk of the district court on March 2, 1901.

(6) On the maturity of the note given to Carter, the makers, William G. Watters and Mary Watters, applied to the plaintiff for a loan of $1,000, with which to take up said obligation; and, at their request, plaintiff undertook to advance the money to the mortgagee, Carter, and to receive and hold the said mortgage as security for the money thus paid out. In accordance with this agreement, plaintiff paid

over the money to Carter, and received the note and mortgage.

(7) Soon after this transaction, William G. Watters and Mary Watters applied to plaintiff for a further loan of $500, offering a mortgage on the same real estate as security for its repayment, and representing that said property was incumbered by no liens except the judgments in plaintiff's favor, and the Carter mortgage, then held by plaintiff. The plaintiff, having, as she claims, no knowledge of the lien of the judgment in favor of the Second National Bank, and desiring to accommodate the mortgagors, took from them a new mortgage in renewal of the Carter mortgage, in the sum of $1,000, and for the further sum of $500 then advanced to said mortgagors; and, believing that said mortgage for $1,500 was a first lien upon the property, she caused the old mortgage to be canceled of record.

(8) It is further alleged that although Sidonia Hosford and Mary A. Kemler are primarily liable for the payment of the judgment owned by the First National Bank, and have property not exempt from execution from which the debt can be made, said bank has neglected and refused to enforce payment by them.

(9) The mortgaged property has been, by agreement of all parties, sold, and the purchase money paid into court, to be applied upon the liens involved in this controversy, as shall be found equitable and just.

Upon the case thus made, the plaintiff asks to have the cancellation of the Carter mortgage set aside, and the lien thereof restored, and a foreclosure decreed in her favor. She also asks that the judgments held by her, though inferior in order of time to the judgment held by the First National Bank, be decreed to be superior thereto. Issue being taken upon these allegations, a trial was had to the court, and a decree entered reviving the Carter mortgage, and foreclosing the same in favor of plaintiff, for the principal

sum of $1,000, and making the lien of the two judgments held by her superior to the lien of the judgment held by the defendants. From this decree the First National Bank and Sidonia Hosford have appealed. The plaintiff also appeals from so much of the decree as limits her right of subrogation to the Carter mortgage to the principal sum or face of the debt thereby secured.

I.   We have no hesitation in affirming that part of the decree which sustained the plaintiff's claim to be subrogated to the lien of Carter under the first mortgage. The plaintiff, as the holder of a judgment lien which was junior to the mortgage, had the right to protect her security by paying the mortgage debt and succeed to the rights of the mortgagee. Such payment was not the act of a mere intermeddler or volunteer, and the cancellation of the mortgage of record will not necessarily defeat such subrogation, save as against the intervening rights of third parties without notice. This rule was announced by us in the late case of *Bowen v. Gilbert,* 122 Iowa, 448, where, as in the present case, a lienholder paid off a prior mortgage, and caused it to be released of record. It is quite certain from the record that plaintiff did not intend to release or waive any security to which she was entitled, but gave up the old mortgage and took the renewal under the belief that she was obtaining a first lien on the property. It is also certain that the defendant bank is in no manner prejudiced by denying to it the unearned advantage which it seeks. The decree in this respect does no more than to hold that a payment made by the plaintiff in good faith to protect her lien shall not operate to destroy the value of that lien, and permit a junior creditor to have precedence over her. The justice of the rule here stated has long been recognized. 3 Pomeroy's Equity Jurisprudence (2d Ed.) 1212; *Ward v. Seymour,* 51 Vt. 320; *Elliott v. Trainter,* 88 Minn. 377 (93 N. W. 124); *Ebert v. Gerding,* 116 Ill. 217 (5 N. E. 591); *Gardner v. Astor,* 3 Johns. Ch. 53 (8 Am.

1. MORTGAGES: subrogation.

Dec. 465); *Bank v. Paulsen,* 57 Neb. 717 (78 N. W. 303); *Young v. Shaner,* 73 Iowa, 555; *Wormer v. Waterloo,* 62 Iowa, 702; *Gilbert v. Gilbert,* 39 Iowa, 657. A very thorough review of the cases may be found in a note to *American Bonding Co. v. Bank,* (Md.), 99 Am. St. Rep. 512–521. Mr. Freeman there says: " When a person having an interest in real property pays money to satisfy a lien thereon in order to protect that interest, he is entitled to be subrogated to the rights of the incumbrancer, and considered as an assignee of the lien, for the purpose of effecting substantial justice, although the lien is discharged of record." The numerous decisions cited by the eminent annotator fully bear out his statement of the principle.

Some point is made in argument because of the fact that, while plaintiff denies all knowledge of the lien held by the defendant bank at the time she took the renewal note and mortgage from Watters, the agent through whom she transacted that business did know of its existence. It appears, however, that the agent's knowledge of the situation had been obtained long prior to his employment by the plaintiff, and he testifies that the fact was not in his mind at the time he acted in her behalf. But whatever may be the truth in this respect, the fact that the mortgage was paid by the plaintiff and released of record, even with the actual knowledge of the existence of defendant's lien, would not necessarily deprive her of the right of subrogation, if there was in fact no intention to waive or relinquish it. *Wilkins v. Gibson,* 113 Ga. 31 (38 S. E. 374, 84 Am. St. Rep. 204); *Joyce v. Dauntz,* 55 Ohio St. 538 (45 N. E. 900). The cases relied upon by the appellants (*Weidner v. Thompson,* 69 Iowa, 36; *Ft. Dodge B. & L. v. Scott,* 86 Iowa, 431; *Bank v. Porter,* 116 Iowa, 377) are not controlling. In the Weidner case the decision turns wholly on the fact question as to the intention of the parties, and in none of them was the payment of the debt made by a junior lienholder

2. SAME.

for the protection of his· claim.    The decision in *Insurance Co. v. Ayres,* 111 Iowa, 202, also cited by appellants, distinctly recognizes the authority of the rules which have here been affirmed.    In this connection we may also say that we do not agree with the trial court in limiting the plaintiff's right of subrogation to the principal of the original mortgage debt, without interest. ·

The plaintiff furnished the $1,000 due to Carter on February 18, 1898, and we find nothing in the record to · indicate that any payment was thereafter made of principal

3. SUBROGATION: or interest.    The right of subrogation, if any,
interest.    was perfect from the day the money was paid, and we see no reason why plaintiff may not rightfully assert and enforce the lien as of that date.    It follows that the decree should have provided for the enforcement of the mortgage security as a first lien upon the property for the principal sum of $1,000, with interest at 6 per cent. from the date of the renewal of the security.    We do not overlook the fact that the original note provides for interest at 7 per cent., but plaintiff, in agreeing to extend the. time of payment, had consented to accept 6 per cent. for the further use of the money, and the restoration of the old mortgage does not operate to release her from an observance of that contract.

II.    We are constrained to withhold approval from that part of the decree which postpones the lien of the defendants' judgment to the lien of the judgments held by the

plaintiff.    The former judgment has precedence
4. PRIORITY OF JUDGMENT in the order of time, and must be accorded like
LIENS.    precedence in right, unless good reason be shown for a reversal of these positions.    It is said in support of the ruling below that the payment of the defendants' judgment had been assumed by Mrs. Hosford and Mrs. Kemler, and, as these parties are primarily liable and are shown to be solvent and able to pay the debt, and as plaintiff has no other fund or source than the property in controversy from

which to make her claim, equity will compel defendants to look to the parties who assumed the debt, and permit plaintiff to have precedence in the common security. Without undertaking to discuss or concede the correctness of the legal principle involved, we have to say that the fact on which it is predicated is not satisfactorily established. The claim that the parties named assumed payment of the judgment is distinctly denied by them, and the only support .it has is as follows: In the year 1897 Sidonia Hosford, as trustee in an action to which no defense was made, obtained a decree of foreclosure of a mortgage given to her by the Dubuque Brassworks. The mortgage appears to have been given to secure Mrs. Hosford and Mrs. Kemler as ·indorsers and guarantors of the notes and obligations of the brassworks, but among the recitals in the decree of foreclosure is one to the effect that the parties last named were also entitled to the benefit of the security because of their having assumed the payment of certain named debts, including " note of $15,000, June 15, 1897, to Second National Bank." Neither the mortgage itself, nor the pleadings upon which the decree was rendered, contains any statement or allegation of such assumption; but, on the contrary, so far as revealed in this record, the foreclosure proceeding was brought to carry out the purpose expressed in the mortgage, to-wit, to secure Mrs. Hosford and Mrs. Kemler upon their contingent liability as indorsers and guarantors. The trustee and the attorney who procured the foreclosure unite in testifying that Mrs. Hosford did not assume payment of the debt to defendants, and that the clause in the decree indicating such assumption had reference only to the liability assumed by her as indorser, guarantor, or surety.

The contention of the appellee herein that the recital in said decree operates as an adjudication that Mrs. Hosford and Mrs. Kemler had become obligated as principal debtors for the payment of the appellants' judgment, and that appellee may have the benefit of such adjudication in

this proceeding, cannot be sustained. In the first place, we are required to construe the decree with reference to the pleadings on which it was based, and as we find there no allegation or showing of an assumption of primary liability by Mrs. Hosford and Mrs. Kemler, such fact cannot be said to have been passed upon or adjudicated. In the next place, the appellee was not a party to said foreclosure proceedings, nor is there any privity of relation or right between her and any party thereto. Possibly, if the findings in the decree had been within the allegations of the petition, the appellants would not be permitted to deny their correctness in this proceeding, but that is a question we need not decide. Whatever may be the rule in such cases, we think no such estoppel arises upon a recital of fact which has no supporting allegation in the pleadings. It is a universal rule, especially applicable to judgments and decrees rendered by default, that the adjudication is limited to the material issuable facts which are well pleaded in the declaration or complaint. *Shirland v. Bank,* 65 Iowa, 97; *Cromwell v. Sac Co.,* 94 U. S. 351 (24 L. Ed. 195); *Welch v. Wadsworth,* 30 Conn. 149 ('79 Am. Dec. 239); *Brown v. N. Y.,* 66 N. Y. 385. The evidence is quite clear that the obligations assumed by Mrs. Hosford and Mrs. Kemler, whatever their form as between themselves and the bank, were in fact undertaken by them as indorsers, guarantors, or sureties for the brassworks, and that, as between the plaintiff and the appellants, the equitable rule which requires a senior lienholder to first exhaust the property on which he is alone secured, before resorting to the property on which he is secured in common with junior lienholders, has no application.

III. The plaintiff has submitted a motion to dismiss the defendants' appeal, and the defendants likewise move to dismiss the plaintiff's appeal. Both motions are based upon the alleged insufficiency and failure to properly file the notice of appeal. The points raised are not of sufficient gen-

eral interest to justify an extension of this opinion for their discussion. We have examined the record in the light of the objections made, and think the notices sufficient to give this court jurisdiction of the case.

There is also a motion to strike appellants' argument because not filed in time. The showing made in resistance of the motion is sufficient, we think, to excuse the slight delay in the filing of the brief, and this motion is also overruled. For the reasons stated in the foregoing opinion, the decree of the district court will be modified by allowing the plaintiff's subrogation to the lien of the Carter mortgage to take effect as of February 18, 1898, and by confirming the lien of appellant's judgment as second in order to the lien of the Carter mortgage, and, as thus modified, the decree of the district court will be affirmed. The costs of this appeal will be paid one-half by the appellants and one-half by the appellee.— *Modified* and *affirmed*.