J. G. WHITLEY v. MARY BARNETT ET AL., Appellants.

**Mortgages:** LIABILITY OF MORTGAGEE IN POSSESSION : RENTS : REPAIRS.

1  A mortgagee in possession is one who occupies or controls the mortgaged premises by an agreement with, or the consent of, the mortgagor, or his grantees, under or because of the mortgage; and he is accountable for such rents or profits as he can in the exercise of ordinary diligence derive therefrom; and he can not charge for repairs not necessarily made to save the premises from loss or injury.

**Same.**  The mortgagor retains legal title and right to possession of property in the absence of a stipulation to the contrary; and where there was no stipulation that the mortgagee was entitled to possession the fact that he may have collected rents at the request of the mortgagor and applied the same to the maintenance of the property and a reduction of the mortgaged debt did not charge him with the duties and liabilities of a mortgagee in possession.

**Same.**  Nor will the fact that a mortgagee in possession, without any stipulation in the mortgage governing his rights and liabilities, leased the property at a lower rental part of the time, or that the same were vacant at various times without his fault, be sufficient to charge him with loss of rents.

*Appeal from Van Buren District Court.—*Hon. M. A. ROBERTS, Judge.

FRIDAY, JUNE 9, 1911.

DECREE foreclosing mortgage was entered on service by publication, and thereafter an order for retrial was entered. The second count of the petition subsequently was dismissed without prejudice and on hearing the original decree based on the first count of the petition was confirmed. The defendants appeal. *Affirmed.*

*Walker & McBeth,* for appellants.

*S. E. Irish* and *W. A. Work,* for appellee.

LADD, J.—Suit was begun December 1, 1908. In the first count of the petition judgment for the amount due on a promissory note was prayed and also foreclosure of the mortgage securing its payment. The original notice was served by publication, and decree of foreclosure entered January 5, 1909. Thirteen days later personal judgment was entered on the note mentioned in the second count of the petition. Special execution issued, and the mortgaged property was sold to plaintiff March 3, 1909. A week thereafter Mary Barnett, owner of the mortgaged premises, moved for a retrial of the action, at the same time filing an answer. Upon filing security for the payment of costs, a new trial was ordered. After the evidence had been adduced plaintiff dismissed the second count of the petition without prejudice, and on hearing, the court confirmed the decree of foreclosure entered on the first count.

The correctness of such confirmation is challenged, for that, as is said, the court should have allowed defendants as a credit on the indebtedness the reasonable value of the use of the mortgaged premises since October 1,

1904, instead of the rents actually collected. It appears
that the mortgage was executed by. Mrs. Bar-

1. MORTGAGES:
liability of
mortgagee in
possession:
rents: repairs.

nett and husband to Belle Meek in February,
1903, and that in October, 1904, the Bar-
netts left for California. Before going, Bar-
nett as, agent of his wife, arranged with B. F. Meek,
husband of the mortgagee, "to collect the rents from both
the residence and the grain house and apply them to the
discharge of the note and mortgage, less the expense of
taxes, insurance, and repairs." Meek did this until shortly
before the suit was begun when the mortgage was assigned
to the plaintiff, who thereafter leased the property to ten-
ants and collected the rents. Though Meek may have
acted for his wife in loaning the money and receiving
some payments, there was no evidence tending to show
that in what he did in collecting the rent and in caring
for the property he was acting for her even though she
may have paid for some of the repairs and received a few
payments of rent. Indeed, the evidence is uncontradicted
that what Meek did was in pursuance of an arrangement
with Mr. Barnett and that there was no intention on his
part to assume possession in behalf of the mortgagee. Nor
was this contemplated by the owner. A mortgagee in pos-
session is one who occupies or controls the mortgaged prem-
ises by virtue of an agreement with or the assent of the
mortgagor or his grantees under or because of the mortgage
(*Rogers v. Benton,* 39 Minn. 39 (38 N. W. 765, 768, 12
Am. St. Rep. 613); see 27 Cyc. 1237), and is account-
able for such rents and profits as he can in the exercise of
ordinary diligence derive therefrom *(Barnett v. Nelson,*
54 Iowa, 41; *Matthews v. Ry.,* 108 U. S. 368 (2 Sup.
Ct. 780, 27 L. Ed. 756); *Froud v. Merritt Bros.,* 99 Iowa,
410), and may not charge for repairs not necessarily made
to save the estate from loss or injury *(Barnard v. Paterson,*
137 Mich. 633, 100 N. W. 893).

In this state the mortgagor retains the legal title and

.right to possession in the absence of a stipulation to the .contrary (section 2922, Code), and there was no such stipulation in the mortgage in suit. Nor, as said, was there possession of the property by the mortgagee with the assent, express or implied, of the mortgagor. Even though Meek were agent of his wife for the collection of the indebtedness, this did not conflict with his duty to look after the property for the mortgagor; nor is it to be inferred from such dual agency that he was in control of the property by virtue of the mortgage rather than in pursuance of his agency for the Barnetts. The scope of each agency might have been distinct and independent of the other, and there is nothing in the record .to the contrary save that some repairs were paid for by .the mortgagee and she received rent from the tenant several times, but this was without knowledge of the owner, and without interfering with the control of Meek.

*2. SAME.*

Moreover, the evidence failed to show that, even though the mortgagee was in possession, loss had been suffered through her neglect or that of her assignee, the plaintiff herein. That it sometimes was leased at a lower rental than others did not prove this, nor was it shown by proof that a part of the property had been vacant several times owing to their fault. All this might have happened notwithstanding the very best management attainable, and, in the absence of any evidence tending to the contrary, it ought not to be inferred from these circumstances alone that the decrease in rent or the vacancies in occupancy were due to neglect to exercise reasonable vigilance on the part of those in control. We are of the opinion that plaintiff was only required to account for rents received less deductions claimed and the order confirming the decree must be, and it is, *affirmed.*

*3. SAME.*