T. F. HARRINGTON, Appellee, v. H. C. FEDDERSEN et al., Appellants.

No. 39591.

JUNE 24, 1929.

*J. P. Shoup* and *J. W. Hubbard,* for appellants.

*A. O. Hess, Milchrist, Schmidt, Marshall & Jepson,* for T. F. Harrington, appellee.

*Ray E. Rieke,* for Woodbury County, appellee.

WAGNER, J.—Prior to January 30, 1919, C. W. Payne was the owner of the real estate herein involved. On that date, he and his wife entered into a written contract with the defendant H. C. Feddersen for the sale of said real estate, by the terms of which instrument the vendee agrees to pay $500 in cash, $1,670, March 1, 1919, $2,000, April 1, 1919, and $10,000 on or before March 1, 1924, with interest at 6 per cent per annum, and in addition thereto, assumes and agrees to pay a mortgage upon the premises in the sum of $27,050, with interest thereon from September 1, 1918. The contract provides:

"That he [the vendee] will punctually pay said sums of money above specified as each of them become due; and that he will regularly and seasonably pay all such taxes and assessments as may be lawfully imposed upon said premises, including 1918 taxes."

It further provides that, upon strict performance of the contract by the vendee, a warranty deed would be executed by the vendors, and for a forfeiture of the vendee's rights in the event of the failure on his part to perform each and all of his agreements and stipulations punctually, and upon the strict terms and times therein limited.

On July 1, 1920, H. C. Feddersen assigned to T. F. Harrington all of his right, title, and interest in and to said written contract, said assignment being executed for the benefit of the Continental National Bank, and only as security for the indebtedness owed by Feddersen to the bank. Feddersen's wife did not join him in said written assignment. In accordance with the purposes of the assignment, Harrington on July 15, 1920, assigned the same to the bank. Thereafter, the bank brought suit against Feddersen for the amount of his indebtedness, and on February 27, 1923, obtained judgment against him in the sum of $32,733 and costs, on which there remains unpaid a sum in excess of $20,000. No foreclosure of the interest of Feddersen, under the aforesaid contract, was asked in the suit by the bank against Feddersen. About July, 1924, said bank went into liquidation, and T. F. Harrington purchased all of the assets of said bank, including the aforesaid judgment, and the bank made a reassignment to Harrington of the Feddersen interest in the aforesaid contract.

In July, 1922, Feddersen being delinquent in the payment of interest on the $27,050 mortgage since the first day of September, 1921, and two years' interest on the $10,000 owed to Payne, and also having failed to pay certain taxes, Payne made an attempt, under the provisions of Chapter 527 of the Code of 1924, to declare a forfeiture of the rights of Feddersen under said contract. On August 21, 1922, Payne and his wife assigned to the Continental Mortgage Company all their interest in the aforesaid written contract, and executed unto said company their warranty deed for the real estate herein involved, excluding from the covenant of warranty only the lien of the aforesaid $27,050 mortgage. It appears that the transaction between Payne and the Continental Mortgage Company was for the benefit of the Continental National Bank, as said bank paid the consideration to Payne in the sum of $10,500, and the Mortgage Company, on April 15, 1924, made an assignment of the aforesaid written contract to the Continental National Bank, and executed to said bank its warranty deed for the real estate herein involved, excluding from the covenant of warranty the lien of the $27,050 mortgage aforesaid. The bank, on July 22, 1924, executed its assignment of the aforesaid written contract to Harrington, and its warranty deed, excluding from the covenant of warranty the lien of the same mortgage as aforesaid.

On January 17, 1923, the defendant H. C. Feddersen executed a quitclaim deed unto his wife, Ethel G. Feddersen, for the real estate herein involved, and on September 11, 1926, Ethel G. Feddersen and her husband executed unto their son, Howard Feddersen, a deed of conveyance for said real estate.

On March 28, 1924, after the execution of the deed by Feddersen to his wife, the grantee of the Paynes began an action against H. C. Feddersen and his wife, Ethel G. Feddersen, to quiet the title to said real estate. The plaintiff in said suit relied upon the forfeiture proceedings and the Payne deed. Upon trial of said suit, the court, on November 8, 1926, found that the notice of the forfeiture proceedings was not in accordance with the statutes providing for forfeiture of contracts for the sale of real estate, and decreed that plaintiff's petition, in so far as the same asks that the title thereto be quieted as to H. C. Feddersen and Ethel G. Feddersen, "be, and the same is hereby, dismissed without prejudice to the right of plaintiff or its grantees to proceed by forfeiture or foreclosure or other legal process to forfeit or foreclose their rights, or the rights of their assignees or grantees, or other parties claiming under them under the contract hereinbefore referred to." It appears that, at the time of the aforesaid conveyances, Harrington was president of both the Continental Mortgage Company and the Continental National Bank; that, since March 1, 1923, Harrington and the bank, through their tenants, have been in possession of the real estate, and have received the rents and income therefrom.

The instant suit is brought under Sections 12382 and 12383 of the Code of 1924 for foreclosure of the written contract between the Paynes and H. C. Feddersen, the rights of Payne therein being now held by the plaintiff. The three Feddersens make defense. Upon trial, the court allowed the plaintiff to account for the rents, and after taking into consideration said accounting and the amounts paid for taxes and interest on the prior mortgage and the amount due on the contract, rendered judgment for the amount thus found due against the defendant H. C. Feddersen, and decree of foreclosure as against all of the Feddersens. The defendant H. C. Feddersen presents one matter for our determination on this appeal, and the defendants Ethel G. Feddersen and Howard Feddersen present another, both of which we will hereinafter consider.

The appellant H. C. Feddersen contends that the appellee is not entitled to a decree of foreclosure of said written contract. With this contention of said appellant's we do not agree. After the execution of the written contract by the Paynes and Feddersen, the latter was the equitable owner of the real estate, and Payne held the legal title, as security for the purchase price. *Cumming v. First Nat. Bank of Sigourney,* 199 Iowa 667; *In re Estate of Miller,* 142 Iowa 563. Ethel G. Feddersen, from the time of the execution of the contract, had an inchoate right of dower in the real estate. Code Section 11990; *Hutchinson v. Olberding,* 136 Iowa 346. Since Ethel G. Feddersen did not join her husband in the aforesaid written assignment to the Continental National Bank, the bank and Harrington, claiming through it, held an assignment insufficient as against the wife's inchoate right of dower. Feddersen gave said assignment only as security. The bank's claim has been placed in judgment, and no effort has been made to enforce the security as against the Feddersen assignment. The subsequent grantees of Payne, by the quieting-title suit, have been held to have no title under their deeds which would prevail as against the Feddersens. However, Payne assigned all of his interest in the written contract, which interest is now held by Harrington. The rights of Payne under the contract cannot be equitably held to have merged in his deed, because the deed has failed to convey title as against the Feddersens. Payne assigned his interest under the written contract, with all rights of every kind and nature in connection therewith, as did likewise the subsequent parties through whom Harrington claims. It was apparently the intention of the parties to keep alive the lien existing under the written contract. There is no merger of lien in a deed, both being taken and held by the same party, where such was not the intent of the parties or is against the interest of the grantee. *Gray v. Nelson,* 77 Iowa 63; *Vannice v. Bergen,* 16 Iowa 555; *Wickersham v. Reeves & Miller,* 1 Iowa (Cole) 412; *Stimpson v. Pease,* 53 Iowa 572; *Rouse v. Zimmerman,* 55 N. D. 94 (212 N. W. 515). No attempt has been made to enforce the Feddersen assignment, and since plaintiff has the rights of Payne under the written contract, he is within his rights in asking for foreclosure of the written contract as against the Feddersens. Even could it be said that the Continental National Bank and Harrington paid Payne in order to protect their

security under the Feddersen assignment, they would be subrogated to the rights of Payne, as against H. C. Feddersen. *Bowen v. Gilbert,* 122 Iowa 448; *Bennett v. First Nat. Bank,* 128 Iowa 1; *Hammond v. Leavitt,* 59 Iowa 407. Since the plaintiff is the holder of the rights of Payne under the aforesaid written contract, it is quite clear that he is entitled to a foreclosure of the same, as provided by Sections 12382 and 12383 of the Code.

The matter of possession or rents accruing prior to March 1, 1923, is none of our concern on this appeal. The plaintiff and his grantors leased the real estate for the years 1923 to 1926, inclusive. The plaintiff contends that he and  his grantors have been ''mortgagees in possession,'' and that, as such, he is entitled to account for the rentals in this action. See 27 Cyc. 1835, 1844, and 1845. His contention is that, after there is deducted from the rentals received the amount expended for repairs and other necessary expenses, the balance thus remaining should be deducted from the amount found due the plaintiff on the contract, and for money expended for taxes on the real estate and interest on the prior mortgage. The trial court permitted the accounting, and as to this action the appellants Ethel G. Feddersen and Howard Feddersen complain. In their answer to plaintiff's petition, they allege:

''That said plaintiffs and his said grantors and said Payne were never entitled to the possession of said lands, and that any occupation or use of the same or acts in relation thereto were wrongful and in violation of law. That any use and occupation of said lands and rights to the same belonged to said Ethel G. Feddersen, upon the delivery to her of the said deed to her, and which was prior to the bringing of this suit, and that plaintiff has never had any right or interest therein. That the said Howard Feddersen from the date of the delivery of said deed to him has been and is entitled to the use and occupation of said lands, and that plaintiff has never had any right or interest therein. That this court has not in this action any jurisdiction or right in relation to the same. That at no time since said January 17, 1923, has said H. C. Feddersen had any right to said use or occupation of said lands, and that said other defendants herein

were not and could not be divested of their said rights by any acts of said plaintiff or his alleged grantors.''

It is their contention that the possession of plaintiff and those through whom he claims, has not been that of ''mortgagees in possession,'' within the meaning of the law. Under the written contract between Payne and H. C. Feddersen, the latter was entitled to possession. For the purposes of this action, H. C. Feddersen is deemed the mortgagor, and Payne the mortgagee. See Section 12383 of the Code. Were the written contract in suit in fact a mortgage, in the absence of stipulations to the contrary, the mortgagor (Feddersen) was entitled to retain the possession of the real estate. See Section 10053 of the Code. But, regardless of the statute as to the right of possession of a mortgagor, under the written contract between Payne and H. C. Feddersen, the latter was entitled to the possession. This right was not surrendered by H. C. Feddersen by his assignment of the contract as security for his indebtedness to the Continental National Bank. He surrendered his right to the possession by the execution to his wife of the aforesaid quitclaim deed, and then she was entitled to the possession of the real estate until September 11, 1926, the date of the execution by her and her husband to Howard Feddersen of the aforesaid deed of conveyance for the real estate. Said two latter deeds were sufficient to convey whatever interest, including the right of possession, the grantors therein had in the real estate. The value of the use or possession of the real estate from the date of her deed to September 11, 1926, belonged to Ethel Feddersen, and thereafter to Howard Feddersen. Payne failed in the attempt to forfeit the rights of H. C. Feddersen under the contract, including his right of possession, as determined by the adjudication or decree in the quieting-title suit, which bears date of November 8, 1926.

The contract between Payne and H. C. Feddersen does not purport to create any lien upon, or right to, the rents or other revenue which might be derived from the premises. The sole security thereby given to Payne for the payment of the debt was the real estate. The right to the possession was vested in H. C. Feddersen. Had the contract been in fact a mortgage, and Payne had sought the appointment of a receiver for the purposes of collecting the rents to be applied upon a deficiency judgment

which might remain after the sale of the real estate on special execution, his application, under our cases, should have been denied. See *Young v. Stewart*, 201 Iowa 301; *American Inv. Co. v. Farrar*, 87 Iowa 437. The decree of the trial court gives the statutory right of redemption. The right of possession continues during the year of redemption. See *Sayre v. Vander Voort*, 200 Iowa 990; *Wissmath Packing Co. v. Mississippi River Power Co.*, 179 Iowa 1309. Were the plaintiff and those through whom he claims "mortgagees in possession," within the meaning of the law? We answer in the negative. See *Whitley v. Barnett*, 151 Iowa 487; *Rogers v. Benton*, 39 Minn. 39 (12 Am. St. 613). In the *Whitley* case we said:

"A mortgagee in possession is one who occupies or controls the mortgaged premises by virtue of an agreement with or the assent of the mortgagor or his grantees *under or because of the mortgage.*" (The italics are ours.)

In *Rogers v. Benton*, it is aptly stated:

"The only logical rule is that, to constitute 'a mortgagee in possession,' the mortgagee must be in possession *by reason of the agreement or assent of the mortgagor, or his assigns, that he have possession under the mortgage and because of it.* The right to take possession under his mortgage being taken away, nothing remains but to foreclose, or else make some arrangement for his better security with the owner of the fee. *Having no right to take possession under his mortgage, the mortgagee can get none, except by the agreement or assent of the one who owns that right.*" (The italics are ours.)

While the mortgagee, or those standing in the relation of the mortgagee under the contract, through their tenants have been in possession since March 1, 1923, they have not been in possession *claiming under or because of the contract, nor with the consent of Feddersen and his grantees.* The plaintiff, as a witness, testified:

"We claimed under the deed from Payne, and all claims for rents and possession since then we have claimed under said deed. These claims were made during the years the Continental Mort-

gage Company's suit against H. C. Feddersen *et al.* [the quieting-title suit] was pending.''

Thus, it is manifest that they cannot be considered as ''mortgagees in possession,'' within the definition given by us in *Whitley v. Barnett,* supra. The plaintiff and his grantors have claimed possession under the deed ever since the attempted forfeiture proceedings. This was their position in the suit brought to quiet the title. They did not claim possession under the contract, which gave them no right to possession. It was their claim that the contract had been forfeited. Ethel G. Feddersen filed her deed for record the next day after it was executed. She appeared in the quieting-title suit, and there claimed that the forfeiture proceedings were void, and that she was entitled to the possession. The position of Ethel G. Feddersen and Howard Feddersen is that the plaintiff and those under whom he claims, have had the value of the use or possession of the land since March 1, 1923, to which they are entitled. Under the court's decree, the plaintiff has been permitted, over their objection, to account for the rents and profits of the real estate and have them deducted from a debt which was not theirs, and which they did not agree to pay. This is error.

Something is said in the arguments about waiver. Waiver is an affirmative defense, which must be pleaded, and there is no plea of waiver. Waiver is a voluntary relinquishment of a known  right. There has been no waiver. In the quieting-title suit, Ethel G. Feddersen successfully contended that the forfeiture proceedings were void. The possession of the plaintiff and those through whom he claims, has been without authority of law, and therefore wrongful; and if the decree of the court in this respect is permitted to stand, defendants Ethel G. Feddersen and Howard Feddersen will be deprived of the value of the use or possession of the real estate to which they have been and are entitled, and to have the same applied upon a debt which they did not agree to pay.

Under the written contract, Payne and those claiming under him could have followed the procedure under Chapter 527 of the Code, to forfeit the rights of H. C. Feddersen,—which they attempted to do, and failed, through no fault of the defendants,—

or could proceed by foreclosure, under Sections 12382 and 12383 of the Code, as the plaintiff in this action has done; but H. C. Feddersen and his grantees, claiming under him, were entitled to the possession until their rights were forfeited under the first method of procedure, or until a sheriff's deed has been executed under the second method. Ethel G. Feddersen and Howard Feddersen are not asking for an accounting in this action; they have not filed any cross-petition or counterclaim. They deny the right of the plaintiff's attempted accounting. They merely ask that plaintiff's petition as to this matter be dismissed. It is apparent that the action of the trial court in allowing the accounting, as asked by the plaintiff, is erroneous. The question relative to the possession and use of the premises and the value thereof is a matter for future determination, as among all necessary interested parties.

That portion of the decree rendered by the trial court allowing the accounting as against Ethel G. Feddersen and Howard Feddersen for rents received since March 1, 1923, is disallowed, and the decree modified accordingly; and the same is in all other respects affirmed.—*Modified and affirmed.*

ALBERT, C. J., and EVANS, KINDIG, and GRIMM, JJ., concur.